# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

vs.  Case Nos.: 5:05cr43/RS/CJK
  5:10cv327RS/CJK

**LAFAYETTE MAURICE**
**WASHINGTON**

_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 36). The Government has filed a response (doc. 38), and Defendant has filed a reply (doc. 45). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

Defendant was charged in a two count indictment with conspiracy to possess with intent to distribute five hundred (500) grams[1] or more of cocaine and fifty (50) grams or more of crack cocaine and possession with intent to distribute 50 grams or more of crack cocaine on a date certain (doc. 1). The Government filed an enhancement information listing a single prior felony drug conviction (doc. 14). A superseding indictment was returned correcting the typographical error in Count One, expanding the time frame of the charged conspiracy, and adding as Count Three a charge of manufacturing and possessing with intent to distribute five (5) grams or more of cocaine base (doc. 19). Represented by attorney Barbara Sanders, on February 9, 2006, Defendant pleaded guilty to Count One of the Superseding Indictment pursuant to a written plea and cooperation agreement (docs. 24–26).

The Presentence Investigation Report ("PSR") was disclosed to the defense on April 19, 2006 (doc. 30). Defendant was held accountable for 555 grams of cocaine base with a corresponding base offense level of 36, and after a three level adjustment for acceptance of responsibility, his total offense level was 33 (PSR ¶¶ 23, 29, 30, 32). He had a criminal history category of III (PSR ¶ 43). The 240 month statutory mandatory minimum sentence due to Defendant's prior felony conviction trumped what would have been the applicable guidelines range of 168 to 210 months (PSR ¶¶ 68–69). Neither defense counsel nor the Government filed objections (PSR ¶¶ 90–93).

---

[1] The indictment contained a typographical error as it actually read that the offense conduct involved "five [sic] (500) grams or more . . .of cocaine" (doc. 1 at 1).

Case Nos.: 5:05cr43/RS/CJK; 5:10cv327/RS/CJK

Defendant was sentenced on May 22, 2006 to a term of 240 months imprisonment followed by ten years of supervised release (docs. 31–33). He did not appeal.

The instant motion was filed pursuant to the prison mailbox rule[2] on November 25, 2010 (doc. 36 at 6). Defendant claims that he is "actually innocent" of his enhanced sentence because the sentence imposed for the offense used to enhance his sentence was less than one year imprisonment. He further contends that his motion is timely because it was filed within one year of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010). The Government opposes the motion, asserting that it is untimely, procedurally barred, and without merit.

## LEGAL ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

28 U.S.C. § 2255(f). Defendant claims that his motion is timely due to the Supreme Court's decision in Carachuri. However, this case is not retroactive on collateral review. *See* Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013); Trice Bey v. Warden, FCI Bennettsville, S.C., 511 F. App'x 941 (11th Cir. 2013); Fields v. Warden, FCC Coleman-USP 1, 484 F. App'x 425 (11th Cir. 2012); United States v. Powell, 691 F.3d 554 (4th Cir. 2012); United States v. Griffin, No. 3:99cr46/RV/EMT, 2012 WL 1933820 (N.D. Fla. Apr. 30, 2012); Henrixson v. United States, No. 4:12cv125/SPM/CAS, 2012 WL 1641965 (N.D. Fla. Apr. 9, 2012). Therefore, Defendant's motion is untimely, and must be dismissed.[3]

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may

---

[3] Even if Defendant's motion were construed as timely filed, Carachuri, which addressed the definition of "aggravated felony" under 8 U.S.C. §§ 1229b(a)(3) and 1101(a)(43)(B) as it pertained to alien removal proceedings, and not enhancements pursuant to § 841(b), has no applicability to this case and would not afford Defendant relief.

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 36) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 30th day of September, 2013.

*s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**